KLEIN, J.
Defendant was convicted based on a videotape showing him selling a substance purporting to be cocaine to an undercover officer. Prior to trial, he was given a copy of the tape which had been edited, but was not told that it had been edited. At trial the court allowed the state to use an unedited version of the tape, and defendant argues that this was error. We affirm.
After defendant’s arrest, and not as part of the discovery process, a detective delivered an edited copy of the video tape to defense counsel’s office without explaining that it had been edited. In the discovery process the state listed and made available the video tape, apparently without indicating that it was a different, unedited version, and defense counsel did not avail himself of the opportunity to view it.
At some point, the difference between the tapes became known, and at the beginning of the trial the state informed the court that the defendant wanted to view the unedited video prior to it being introduced into evidence. The defendant then viewed it at a recess, prior to its introduction, and objected to the unedited version of the tape being shown on the ground that it showed more than the edited version. When asked to be more specific, defendant’s counsel responded that his opening statement would have been different if he had been aware of the unedited portions of the tape.
We have reviewed counsel’s opening statement and find that argument to be without merit. The essence of his opening statement was that the defendant had never stated that he would sell co *765 caine, but rather had only responded to the officer asking for a “twenty,” and that they had a linguistic misunderstanding. There is no material difference between the edited and unedited versions of the tape for purposes of the opening statement, and defendant has failed to explain to us how he was prejudiced in his opening statement or in any other manner by the trial court’s allowing the use of the longer tape. Rather defendant argues that the court erred in not conducting the required hearing where there has been a discovery violation under Richardson v. State, 246 So.2d 771 (Fla.1971), and reiterated in Sims v. State, 681 So.2d 1112 (Fla.1996).
The state responds that there was no discovery violation because the prosecutor, who was not aware that the detective had given defense counsel an edited version of the tape, had listed the unedited version and made it available. We disagree. This was a discovery violation. We conclude, however, that, although the trial court stated that the state had not committed a discovery violation, the court in fact complied with Richardson. The transcript reflects that the court heard defendant’s explanation regarding receipt of the edited tape, the state’s explanation as to whether the mixup was “inadvertent or wilful, whether the violation was trivial or substantial, and, most importantly, whether the violation affected the defendant’s ability to prepare for trial.” State v. Hall, 509 So.2d 1093, 1096 (Fla.1987). After considering the above factors the court ruled that the unedited tape was admissible.
We therefore affirm.
DELL and GROSS, JJ., concur.